IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 16-28-LPS |
| YOUNES KABBAJ, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Several motions are pending before the Court in this criminal case. The Defendant, Younes Kabbaj ("Kabbaj"), was charged by indictment on March 10, 2016 with two counts: Threats in Interstate Commerce, in violation of 18 U.S.C. § 875(c), and Influencing Federal Official by Threat, in violation of 18 U.S.C. § 115(a)(1)(B) & (b). (D.I. 1, 2) Both charges stem from alleged conduct directed by Kabbaj against the Chief Magistrate Judge of this District. (*See id.*)

Having reviewed all of the pertinent filings and the governing law, and having discussed the case with counsel during teleconferences on April 14 and 25, 2016, **IT IS HEREBY ORDERED** that:

1. The motions by Assistant United States Attorneys for the District of Delaware to withdraw as attorneys for the United States in this matter (D.I. 12 and 13) are **GRANTED**. The Attorney General of the United States has recused the United States Attorney's Office ("USAO") for the District of Delaware and has assigned prosecution of this case to the USAO for the Eastern District of Pennsylvania ("EDPA"). An Assistant United States Attorney from EDPA

1

has entered an appearance on behalf of the United States. (D.I. 11)

2. The undersigned Judge, as well as the other Judges of this Court, are **HEREBY RECUSED** from presiding over this matter. Pursuant to 28 U.S.C. § 455(a), judges should recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned." As the Judges of this Court all interact on a regular basis with the Chief Magistrate Judge (who is appointed to the bench by the District Judges of this Court), our impartiality in presiding over this matter might reasonably be questioned. While the analysis in such matters is "extremely fact driven," *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), judges frequently recuse themselves when an alleged threat is directed at a member of the Court and appears not to be not primarily motivated by a desire to recuse the judge, *see In re: Nettles*, 394 F.3d 1001, 1002 (7th Cir. 2005) ("[A] threat that appears to be genuine and not just motivated by a desire to recuse the judge requires recusal.") (recusing entire District); *see also United States v. Yousef*, 327 F.3d 56, 70 (2d Cir. 2003) (finding no abuse of discretion in denial of recusal where "threat may well have been nothing more than an attempt to harass the government and divert resources"). In addition, it appears that Kabbaj is alleging that our Chief Magistrate Judge framed him for the crimes he is alleged to have committed and/or other crimes he was previously alleged to have committed. (*See* D.I. 14 Ex. A; D.I. 17) To the extent this case may involve questions of credibility of a sitting judicial officer of this Court, the impartiality of the Judges of this Court might again reasonably be questioned.[1]

---

[1] The government takes "no position" on recusal. (D.I. 16 at 3-4) Kabbaj does not request recusal, although he "wants to be permitted an opportunity to be heard on the government's anticipated motion for recusal/transfer . . . ." (D.I. 14 at 3) While the Court takes note of these positions, and has provided the parties ample opportunity to present their views (including during two teleconferences), the recusal analysis is one that the Court must undertake and apply

2

3. Also pending is the Motion to Withdraw as Attorney filed by the Federal Public Defender for the District of Delaware (D.I. 9) and Kabbaj's Motion to Change Venue to the District of Maryland (D.I. 17). Kabbaj appears to oppose his attorney's motion to withdraw. (*See* D.I. 17 at 12) The United States has suggested that it may seek transfer of this case to the EDPA. In light of the undersigned Judge's recusal, the Court will not dispose of these motions but will leave them to be resolved by the Judge to whom this case is reassigned.

April 25, 2016  
Wilmington, Delaware

HON. LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

regardless of the parties' particular preferences. *See generally United States v. Greenspan*, 26 F.3d 1001, 1007 (10th Cir. 1994) ("Recusal under section 455 is to be judged on the record. It is not a question of either the government or the defendant bearing a burden of proof.").

3